UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                             CASE NO. 12-CR-20553
v.                                     HONORABLE GEORGE CARAM STEEH

MARLON ALLEN,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR APPOINTMENT OF COUNSEL (Doc. 26)

Defendant Marlon Allen has filed a paper with this court seeking clarification as to whether he is entitled to the appointment of counsel to assist him in his pursuit of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court construes the paper as a motion for the appointment of counsel. There is no constitutional right to counsel in a habeas proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant,* 499 U.S. 467, 495 (1987)). Congress mandates appointment of counsel in § 2255 proceedings only when the defendant faces a capital sentence-which defendant does not. *See 18 U.S.C. § 3599(a)(2).* In all other cases, the decision to appoint counsel for a federal habeas petitioner is in the discretion of the district court and is only required where the interests of justice or due process so require. 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

"[H]abeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). A court must appoint counsel if an evidentiary hearing is required to resolve a petitioner's claims. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. But circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1181 (9th Cir. 1990); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990).

Federal courts have appointed counsel to indigent prisoners bringing habeas petitions in limited circumstances including: "(1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases." *Camcho, III v. United States,* No. 4:10CV 01650, 2010 WL 4365479, at *1 (N.D. Ohio Oct. 28, 2010) (citing *James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice & Procedure*, § 12.3b (3d ed. 1998)).

Defendant has not demonstrated that due process or the interests of justice require the appointment of counsel under the facts of this case. Defendant's habeas petition presents a single narrow issue that will likely be resolved by the Supreme

-2-

Court's decision in *Beckles v. United States,* No. 13-13569.  Accordingly, in an order entered this same date, the court has granted the government's motion for a stay until *Beckles* is decided.  Although the legal issue presented may be thorny at this time without the Supreme Court's guidance, it is anticipated that the Court's decision in *Beckles* will simplify the issue.  Also, the facts presented here are not complex, an evidentiary hearing is not expected, expert testimony is not anticipated, and defendant has not represented that he is mentally or physically impaired.  His pro se filing is clear and cogent.  Under these circumstances, defendant's paper (Doc. 26), which the court has construed as a motion for appointment of counsel, is DENIED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

Dated:  August 15, 2016

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 15, 2016, by electronic and/or ordinary mail and also on Marlon Allen #44626-039, FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Loretto, PA  15940 .

s/Barbara Radke
Deputy Clerk