UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                      CASE NO. 12-CR-20553
v.                     HONORABLE GEORGE CARAM STEEH

MARLON ALLEN,

        Defendant.
_____/

## ORDER GRANTING THE GOVERNMENT'S MOTION TO STAY (Doc. 24)

Defendant Marlon Allen has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that the Supreme Court's recent opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidating the Armed Career criminal Act's "residual clause," also invalidates his sentence for felon in possession of a firearm. Now before the court is the government's motion to stay this action pending the Supreme Court's decision in *Beckles v. United States* (No. 13-13569), which is expected to resolve the legal issue presented here. Defendant has not filed a response and the time period for doing so has expired. Defendant's sister, however, has filed a letter with the court stating that defendant's mail has been delayed due to his prison segregation and requesting additional time for defendant to respond to the government's motion. (Doc. 27). In light of the Sixth Circuit's recent decision in *In re: Alford D. Embry*, __ F.3d __, No. 16-5447, 2016 WL 4056056, at *4 (6th Cir. July 29, 2016) requiring the entry of a stay in like cases, this court shall grant the stay without further delay.

-1-

Defendant claims that his guidelines sentence must be vacated because it depended on an interpretation of "crime of violence" that must be re-examined in light of *Johnson's* determination that the residual clause of section 924(e) is unconstitutionally vague.  The Supreme Court's decision in *Beckles* is expected to resolve the issue of whether *Johnson* dooms the Guidelines' residual clause.  In *Embry*, the Sixth Circuit was presented with a petition to file a successive section 2255 petition raising a *Johnson* challenge to his sentence.  The Sixth Circuit granted the motion to file a successive petition, transferred the case to the district court, and advised the district court to hold the matter in abeyance pending the Supreme Court's decision in *Beckles v. United States.  Id.* The Sixth Circuit explained that the proper course is for the district courts to stay *Johnson* motions because, "[a]fter the Supreme Court [in *Beckles*] decides some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently."  *Id.*

Given this clear guidance from the Sixth Circuit, defendant's motion for a stay (Doc. 24) is GRANTED.  The matter will be STAYED pending the Supreme Court's decision in *Beckles v. United States.*

IT IS SO ORDERED.

Dated:  August 15, 2016

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 15, 2016, by electronic and/or ordinary mail. and also on Marlon Allen #44626-039, FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Loretto, PA  15940.

s/Barbara Radke
Deputy Clerk