UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON ALLEN,

        Petitioner,

                                      CASE NO. 12-CR-20553
                                            NO. 16-CV-12197
v.                                     HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO, VACATE, SET ASIDE OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255

Now before the court is Petitioner Marlon Allen's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This matter was stayed pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) which was rendered on March 6, 2017. Accordingly, the stay is now lifted and the court considers Petitioner's motion.

Because *Beckles* held that the Sentencing Guidelines are not subject to void for vagueness analysis, Petitioner's § 2255 motion is time-barred and shall be dismissed.

## I. Factual and Procedural Background

In October, 2012, Petitioner pleaded guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after having been previously convicted in state court of a controlled substance offense and felony assault with intent to do great bodily harm. The presentence investigation report prepared by the United States Probation Office recommended that Petitioner's offense level be enhanced as a career offender under USSG § 4B1.1 because Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Although Petitioner pleaded guilty to the charge of felon in possession of a firearm, he also stipulated within his plea agreement to the offense of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), which contributed to his classification as a career offender.

The probation department applied the career offender enhancement and arrived at a sentencing guideline range of 188 to 135 months, but recognized that the statutorily authorized maximum sentence of 10 years was less than the minimum of the applicable guideline range, and thus the guideline term of imprisonment was 120 months. Also, pursuant to the plea agreement, the parties stipulated to a sentencing guideline range of 120 months. On

February 11, 2013, this court imposed a prison sentence of 120 months. Petitioner chose not to appeal either his conviction or sentence.

Over two years later, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 256s3 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defines the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," as unconstitutionally vague. In this case, on June 13, 2016, Petitioner filed a *pro se* motion to vacate, set aside, or correct the sentence previously imposed upon him, pursuant to 28 U.S.C. § 2255. Petitioner argues that his guideline sentence must be vacated in light of *Johnson* because the definition of "crime of violence" used in the career offender enhancement, USSG § 4B1.1, is couched in the same language as the residual clause of the ACCA, and thus, is likewise void for vagueness.

## II. Discussion

As previously mentioned, Petitioner did not appeal from this court's February 11, 2013 entry of judgment that imposed a 120-month sentence. That judgment became final on February 25, 2013. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). As a result, Petitioner's

June, 2016 motion was not filed within one year of the date his judgment of conviction became final, as required by 28 U.S.C. § 2255(f)(1).  Recognizing this, Petitioner argues an exception applies pursuant to 28 U.S.C. § 2255(f)(3) and that his motion is timely because it was filed within one year of the date on which the asserted right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Specifically, Petitioner relies on the *Johnson* decision to extend his time for filing a § 2255 motion. But Petitioner cannot show that *Johnson* recognized a new right retroactively applicable to him, as *Beckles* held that *Johnson* does not provide relief to individuals raising void-for-vagueness challenges to the Sentencing Guidelines. *Beckles*, 137 S. Ct. at 894; *Harris v. United States*, No. 16-3332, __ F. App'x __, 2017 WL 1379472, at *3 (6th Cir. Apr. 17, 2017)**.** Accordingly, Petitioner's motion is time barred and must be dismissed.

### III. Conclusion

For the reasons discussed above, the stay is lifted and Petitioner's § 2255 motion is DENIED and DISMISSED WITH PREJUDICE.  The court CERTIFIES that any appeal from this action would not be taken in good faith. Accordingly, Petitioner is DENIED leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P.  24.  Petitioner having failed to make a

substantial showing of the denial of a constitutional right, a certificate of appealability SHALL NOT ISSUE. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 5, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 5, 2017, by electronic and/or ordinary mail and also on Marlon Allen #44626-039, Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

s/Barbara Radke
Deputy Clerk