UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARLON ALLEN,

    Defendant.
_____/

Case No. 12-20553

Hon. George Caram Steeh

ORDER DENYING MOTION TO REDUCE SENTENCE
PURSUANT TO FIRST STEP ACT (ECF NO. 35)

Defendant Marlon Allen seeks a reduction in sentence pursuant to the First Step Act, which retroactively reduced penalties for crack cocaine offenses. *See* Pub. L. No. 115-391, 132 Stat. 5194. Although the court generally "may not modify a term of imprisonment once it has been imposed," the court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

Allen pleaded guilty to being a felon in possession of a firearm in 2012. In the plea agreement, Allen also stipulated to the offense of possession with intent to distribute crack cocaine. This offense carries a penalty of 5 to 40 years of imprisonment based upon the drug quantity (141

- 1 -

grams). 21 U.S.C. § 841(b)(1)(B). Allen was classified as a career offender pursuant to U.S.S.G. § 4B1.1, and the crack cocaine offense was used to determine his career offender offense level. The probation department calculated a sentencing guideline range of 188 to 235 months, based upon a total offense level of 31 and a criminal history category of VI. Because the statutory maximum for the firearm charge was 120 months, that became the guideline range. *See* U.S.S.G. § 5G1.1 ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). The plea agreement called for a sentence of 120 months, which the court imposed on February 11, 2013.

The Fair Sentencing Act of 2010 reduced penalties for crack cocaine offenses, in order to address significant disparities in sentencing among defendants convicted of powder and crack cocaine offenses. *See generally Dorsey v. U.S.*, 567 U.S. 260, 269-70 (2012). Before the Fair Sentencing Act, the penalty for possession with intent to distribute 141 grams of crack cocaine was 10 years to life. *See* Pub. L. No. 111-220, 124 Stat. 2372 (raising threshold for 10-years-to-life penalty from 50 to 280 grams). Under the Fair Sentencing Act, the penalty for same amount of crack cocaine is 5 to 40 years. *Id.*; 21 U.S.C. § 841(b)(1)(B)(iii).

The First Step Act of 2018 made the Fair Sentencing Act retroactive for offenses committed before August 3, 2010. See Pub. L. No. 115-391, 132 Stat. 5194, § 404. Although Allen's offense was committed on June 17, 2010, he was not sentenced until February 13, 2013. The presentence report reflects that Allen's sentencing guidelines were calculated by using the revised penalty set forth in the Fair Sentencing Act (5 to 40 years). In other words, Allen already received the benefit of the Fair Sentencing Act.[1] See also Dorsey, 567 U.S. at 281 (holding that Fair Sentencing Act applied to defendants sentenced after August 3, 2010, even if offenses were committed prior to the effective date). Accordingly, Allen is not eligible for relief under the First Step Act, which does not affect his sentence.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for reduction in sentence (ECF No. 35) is DENIED.

Dated: September 30, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

[1] In addition, Allen's sentence was ultimately based on his agreement to plead to the statutory maximum for the firearm offense, not the crack cocaine offense.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 30, 2019, by electronic and/or ordinary mail and also on Marlon Allen #44626-039, Federal Satellite Low Elkton, P.O. Box 10, Lisbon, OH  44432-0010.

s/Barbara Radke
Deputy Clerk