-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARLON ALLEN,

    Defendant.
_____/

Case No. 12-20553

Hon. George Caram Steeh

ORDER DENYING REQUEST
FOR HOME CONFINEMENT (ECF No. 41)

Defendant Marlon Allen requests that the court release him to home confinement, because of his health conditions, the COVID-19 pandemic, and the recent death of his sister. Although the court sympathizes with Allen's situation and encourages him to continue his efforts at rehabilitation, the court lacks authority to transfer him to home confinement.

In response to the COVID-19 pandemic, the Bureau of Prisons ("BOP") has been evaluating prisoners nationwide in order to determine which inmates face the most risk from COVID-19, pose the least danger to public safety, and can safely be granted home confinement.[1] This effort is

---

[1] *See* Attorney General's Directives to BOP, available at https://www.bop.gov/coronavirus/faq.jsp.

consistent with the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020), which provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." *Id.* The CARES Act does not alter the statutory directive that the BOP has the sole authority to determine a prisoner's place of incarceration. 18 U.S.C. § 3621(b). The BOP's decision in this regard "is not reviewable by any court." 18 U.S.C. § 3621(b). *See United States v. Mitchell*, 2020 WL 3972656, at *5 (E.D. Mich. July 14, 2020) ("The CARES Act does not authorize courts to transfer a prisoner to home confinement for the remainder of his sentence."). Allen's request for home confinement must be directed to the BOP.

Another potential avenue for relief for Allen is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking

compassionate release on his own motion;  (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

The Sixth Circuit has recently determined that the exhaustion requirement is mandatory and may not be excused by the court.  *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (finding the failure to exhaust to be a "glaring roadblock foreclosing compassionate release") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Allen has not alleged that he has sought compassionate release from the BOP, which he must do before seeking relief from the court. Accordingly, to the extent Allen's request for home confinement could be construed as a motion for compassionate release, the court must deny it without prejudice. *Alam*, 960 F.3d at 836.

IT IS HEREBY ORDERED that Allen's request for home confinement is DENIED.

Dated: November 9, 2020

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

> CERTIFICATE OF SERVICE
>
> Copies of this Order were served upon attorneys of record on November 9, 2020, by electronic and/or ordinary mail and also on Marlon Allen #44626-039, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.
>
> s/Brianna Sauve
> Deputy Clerk